IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Terriel Lashawn Mack, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 9:14-cv-295-TMC |
| v. | ) |
| | ) **ORDER** |
| Larry Cartledge, Warden, | ) |
| Respondent. | ) |

On January 30, 2014, Terriel Lashawn Mack, a state prisoner proceeding *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction for murder. (ECF No. 1).[1] Respondent filed a return and memorandum of law in support of summary judgment. (ECF No. 20).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On October 9, 2014, having been advised that Mack had filed a successive application for post-conviction relief in state court, the magistrate judge entered an order staying this federal habeas action. (ECF No. 38 at 4). The magistrate judge noted that *Aiken v. Byars*, 765 S.E.2d 572 (S.C. 2014), was pending before the South Carolina Supreme Court and presented the issue of what protections are required before a court can impose a life sentence without the possibility of parole upon a juvenile offender. *See id*. at 578 ("[B]efore a life without parole sentence is imposed upon a juvenile offender, he must receive an individualized hearing where the mitigating hallmark features of youth are fully explored.").

---

[1] This was his filing date pursuant to *Houston v. Lack*, 487 U.S. 266, 270-276 (1988). (ECF No. 72 at 1).

On April 25, 2016, Mack filed a motion in state court to be resentenced in light of *Aiken*. (ECF No. 52-1). On May 20, 2016, the South Carolina Supreme Court directed that the trial court consider Mack's motion for resentencing in light of *Aiken*. (ECF No. 53-1). On July 26, 2016, the magistrate judge entered a text order indicating that the case would be held in abeyance until Mack was resentenced and that upon resentencing, the Court intended to dismiss the habeas action "without prejudice, in order for Petitioner to pursue his state court remedies prior to the federal court entertaining his federal habeas petition." (ECF No. 54).

On March 20, 2019, Mack was finally resentenced. (ECF No. 71). The state court applied *Aiken* and imposed a sentence of life imprisonment. (ECF No. 71-1 at 4). The magistrate judge then issued a Report and Recommendation ("Report") recommending that the court dismiss Mack's habeas petition without prejudice. (ECF No. 72 at 2). The magistrate judge noted that "based upon the Petitioner's resentencing, his one year statute of limitation period to file his federal habeas [claim] is reset and begins to run from his resentencing date." *Id*. Attached to the Report was a Notice advising Mack of his right to file "specific written objections" to the Report, the applicable time limit for filing objections, and the potential consequences for failing to file specific objections. *Id*. at 3. Mack filed a response affirmatively requesting that "this court dismiss this matter without prejudice so that the petitioner can pursue his state court remedies prior to the federal court entertaining his federal habeas petition." (ECF No. 75 at 1). Mack also filed an additional response expressly confirming that he "has no objections" to the Report. (ECF No. 77).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 72), which is incorporated herein by reference. Accordingly, Mack's habeas action (ECF No. 1) is hereby **DISMISSED** without prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 19, 2019